UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GORDON FITZPATRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV-08-400-B-W |
| | ) | |
| TELEFLEX, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER AFFIRMING THE
RECOMMENDED DECISION OF THE MAGISTRATE JUDGE**

The United States Magistrate Judge filed with the Court on February 17, 2009 her Recommended Decision (Docket # 14) (*Rec. Dec.*) on Defendant's Motion to Dismiss (Docket # 6). The Defendants Teleflex, Inc. and Teleflex-Canada, Inc. (collectively, Teleflex) filed an Objection on February 27, 2009 (Docket # 15) (*Defs.' Obj.*), and the Plaintiff Gordon Fitzpatrick filed his response on March 16, 2009 (Docket # 17) (*Pl.'s Resp.*). The Court has reviewed and considered the Magistrate Judge's Recommended Decision, together with the entire record; the Court has made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision; and, it concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in her Recommended Decision.

**I. DISCUSSION**

Teleflex objects to the Magistrate's Judge's recommendation that the Court deny its motion to dismiss on Plaintiff's breach of contract claim (Count One) and breach of fiduciary duty claim (Count Four). *Defs.' Obj.* at 1.[1]

---

[1] The Court has not reiterated the details of the case, which are fully set forth in the Magistrate Judge's Recommended Decision. *Rec. Dec.* at 1-6.

### A.     Breach of Contract (Count One)

Teleflex argues that the Magistrate Judge "conflate[d] the statutory requirements set forth in the [Maine Franchise Laws for Power Equipment, Machinery and Appliances (MFLPE), 10 M.R.S.A. § 1361 *et. seq.*,] with the common law pleading requirements to establish a claim for breach of contract." *Id.* at 2. According to Teleflex, "[t]o survive a motion to dismiss, Plaintiff's claim has to pass muster under the Statute of Frauds without regard to the statutory provisions of the MFLPE." *Id.*

Assuming Teleflex is correct that it is inappropriate to reference the statute, Plaintiff's claim nevertheless survives the challenge. As the Magistrate Judge observed, a contract falls within Maine's Statute of Frauds, 33 M.R.S.A. § 51, "'if the parties plainly manifested an intent that the contract was not to be performed within one year,'" *Rec. Dec.* at 8 (quoting *Roger Edwards, LLC v. Fiddes & Son, Ltd.*, 245 F. Supp. 2d 251, 258 (D. Me. 2003)). At this stage, "there is no evidence presently in the record of the parties' respective intentions concerning contract duration," and the Court agrees with the Magistrate Judge that "when it comes to what might plausibly be proved, it is as plausible that the contractual relationship was governed by a series of one-year agreements as it is that it was governed by a multi-year term." *Id.* at 8-9. As the First Circuit noted in *Blackstone Realty LLC v. Federal Deposit Insurance Corp.*:

> It is well established that affirmative defenses, such as the failure of a contract sued upon to satisfy the statute of frauds, may be raised in a motion to dismiss an action for failure to state a claim. However, it is equally well settled that, for dismissal to be allowed on the basis of an affirmative defense, the facts establishing the defense must be clear on the face of the plaintiff's pleadings. Furthermore, review of the complaint, together with any other documents appropriately considered under Fed. R. Civ. P. 12(b)(6), must leave no doubt that the plaintiff's action is barred by the asserted defense.

244 F.3d 193, 197 (1st Cir. 2001) (citations and quotations omitted); *Forest City Chevrolet v. Waterford of Portland, LLC*, 180 F. Supp. 2d 234, 235 n.1 (D. Me. 2002). Review of Plaintiff's

Complaint together with its accompanying exhibits fails to remove all doubt that Plaintiff's claim is barred by the Statute of Frauds. Dismissal is premature.

Turning to Defendants' specific objection, Teleflex offers no authority for its contention that "Plaintiff's claim has to pass muster under the Statute of Frauds without regard to the statutory provisions of the MFLPE." *Defs.' Obj.* at 2. As the Supreme Court has instructed:

> 'Laws which subsist at the time and place of the making of a contract, and where it is to be performed, enter into and form a part of it, as fully as if they had been expressly referred to or incorporated in its terms. This principle embraces alike those laws which affect its construction and those which affect its enforcement or discharge.'

*Norfolk & W. R. Co. v. Am. Train Dispatchers' Ass'n*, 499 U.S. 117, 130 (U.S. 1991) (quoting *Farmers & Merch. Bank of Monroe v. Fed. Reserve Bank of Richmond*, 262 U.S. 649, 660 (1923)). In Maine:

> It is well recognized that a contract . . . is presumed to incorporate all relevant mandatory provisions of the statute pursuant to which it was made. Existing statutes governing the subject matter of a contract must in normal circumstances be read as a constituent part thereof. Moreover, statutory mandates control, and override any contrary provisions in [a contract].

*Skidgell v. Universal Underwriters Ins. Co.*, 1997 ME 149, ¶ 7, 697 A.2d 831, 833 (citations omitted); *Hallissey v. School Admin. Dist. No. 77*, 2000 ME 143, ¶ 13, 755 A.2d 1068, 1072-73; *Security Ins. Group v. Emery*, 272 A.2d 736, 738 (Me. 1971) ("[A] contract is presumed to incorporate all relevant mandatory provisions of the statutes of the state in which it is made."). Teleflex makes no argument that the MFLPE was not in force when the contract between the parties was made, and it does not contest that the MFLPE applies. *See Rec. Dec.* at 9. In this context, at least for the purposes of the motion to dismiss, the MFLPE provides the backdrop to the parties' conduct.

With this in mind, the Court turns to the Magistrate Judge's conclusion that "even if a traditional Statute of Frauds analysis is called for . . . the series of writings available in this case collectively satisfy the requirements of the Statute of Frauds." *Rec. Dec.* at 10-11.  Teleflex responds that the series of writings exception is inapplicable because the writings produced by Plaintiff do not establish agreement on an essential term of the contract, namely, that the contract between the parties was terminable "for cause" only.  *Defs.' Obj.* at 2-3.  Under the MFLPE, however, such a term would be superfluous since the statute requires "good cause" termination, *see* 10 M.R.S.A. §§ 1363(3)(B)-(C); *Cromeens, Holloman, Sibert, Inc. v. AB Volvo*, 349 F.3d 376, 391 (7th Cir. 2003), and a term stating otherwise would be void and unenforceable.  10 M.R.S.A. § 1368 ("A contract or part of a contract or activity undertaken pursuant to a contract in violation of this chapter is deemed against public policy and is void and enforceable."); *see Cromeens, Holloman, Sibert, Inc.*, 349 F.3d at 391 ("We read [the MFLPE] to mean that Maine law applies even when contracts purport to waive its protections."); *see also Pease v. State Farm Mutual Auto. Ins. Co.*, 2007 ME 134, ¶ 13, 931 A.2d 1072, 1076 (noting that explicit and unambiguous language in an insurance policy "cannot prevail if it is contrary to the [insurance] statute or public policy").  Within this context, the absence of an explicit for cause termination term within the writings produced by Plaintiff does not alter the Magistrate Judge's analysis that the exception applies, and the Statute of Frauds is satisfied.  *See Rec. Dec.* at 10-11.  If, as the case develops, it becomes clear that the MFLPE does not apply, Teleflex will be able to renew its challenge.[2]

For similar reasons, Teleflex's argument that Plaintiff's claim should be dismissed because termination "at will," not for cause, is the default in Maine, fails.  *See Defs.' Obj.* at 3.

---

[2] The Court need not determine whether, as Plaintiff argues, the Statute of Frauds is completely irrelevant in cases where the MFLPE applies.  *See Pl.'s Resp.* at 2; *Rec. Dec.* at 7 (concluding that the Statute of Frauds is likely inapplicable in such cases).

Simply put, where the MFLPE mandates termination for cause, the default is not triggered. The cases cited by Teleflex, none of which involved the MFLPE or another statute dictating a termination term, are inapposite.

### B.  Breach of Fiduciary Duty (Count Four)

To establish a fiduciary relationship there must be:  "(1) the actual placing of trust or confidence in fact by one party in another, and (2) a great disparity of position and influence between the parties at issue." *Innovative Network Solutions, Inc. v. Onestar Commc'ns., LLC*, 283 F. Supp. 2d 295, 303 (D. Me. 2003) (quotation omitted).  "To demonstrate the necessary disparity of position and influence . . . a party must demonstrate diminished emotional or physical capacity or . . . the letting down of all guards and bars." *Camden Nat'l Bank v. Crest Constr., Inc.*, 2008 ME 113, ¶ 13, 952 A.2d 213, 217 (quotation omitted).  Teleflex argues that Plaintiff fails to meet this standard, characterizing the Complaint as "conclusory allegations only and lack[ing] any specificity regarding how exactly an ordinary arms-length business relationship was transformed into a fiduciary one." *Defs.' Obj.* at 4-5.

Plaintiff's Complaint alleges, *inter alia*, (1) that Teleflex is a large and sophisticated organization with substantial experience in the manufacture and sale of industrial products as well as in the formation of distributor contracts; (2) that Plaintiff was solicited to become a ProHeat distributor by Scott Winton, a Teleflex sales manager and a professionally trained, sophisticated, and experienced negotiator; (3) that Plaintiff is an unsophisticated operator of a truck repair facility with no previous experience in the negotiation and acquisition of product distribution franchises; (4) that Teleflex used their superior negotiating position to take advantage of Plaintiff by convincing him to become a distributor of an early model auxiliary power unit in exchange for a promise of future profits; (5) that Plaintiff relied upon these

representations, assuming they were in good faith; (6) and, that Mr. Winton used his negotiating superiority to avoid any written commitments to Plaintiff.  *Compl.* ¶¶ 71-79 (Docket # 1-2).

Even stated cumulatively, this is not the strongest claim for breach of a fiduciary relationship.  The Court recently observed that "[a] court will generally not find a fiduciary relationship between two corporations whose relationship is governed by a contract negotiated at arm's length."  *Combined Energies v. CCI, Inc.*, No. CV-07-17-B-W, 2009 U.S. Dist. LEXIS 51164, at *32 (D. Me. June 18, 2009).  More commonly, in the business context, a breach of fiduciary relationship claim requires a relationship like a business partnership, families engaged in financial transactions, or shareholders of a closely-held corporation.  *Bryan R. v. Watchtower Bible & Tract Soc'y, Inc.*, 1999 ME 144, ¶¶ 19-21, 738 A.2d 839, 846.  At the same time, the Maine Supreme Court has said that "[a] fiduciary duty will be found to exist, as a matter of law, only in circumstances where the law will recognize both the disparate positions of the parties and a reasonable basis for the placement of trust and confidence in the superior party."  *Id.*

Count Four is tottering on the very edge of dismissal.  Nevertheless, the Court assumes a more cautious approach, since it seems wiser to allow the parties to develop the record on this point and to present the issue again, if Defendants elect to do so, in the context of a motion for summary judgment.  In a motion to dismiss, the Court must take as true the Plaintiff's claims that there was a significant disparity of position and influence between the parties, which resulted in Plaintiff letting down his "guards and bars" and placing his trust in Teleflex.  The Court agrees with the Magistrate Judge that, taken in the light most favorable to the non-movant, Plaintiff's allegations are more than conclusory, and suffice to survive Teleflex's motion to dismiss.

**II. CONCLUSION**

It is therefore ORDERED that the Recommended Decision of the Magistrate Judge (Docket # 14) is hereby AFFIRMED. It is further ORDERED that Defendant's Motion to Dismiss (Docket # 6) is GRANTED IN PART and DENIED IN PART. Plaintiff's Counts Three, Five, and Seven are dismissed. Counts One, Two, Four, and Six remain.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 29th day of June, 2009