UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GORDON FITZPATRICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:08-cv-00400-MJK |
| | ) |
| TELEFLEX, INC., *et al.*, | ) |
| | ) |
| Defendants | ) |

## ORDER ON PLAINTIFF'S MOTION FOR DETERMINATIVE
## QUESTIONS OF LAW TO BE CERTIFIED
## TO THE MAINE SUPREME JUDICIAL COURT
## (DOC. NO. 78)

Gordon Fitzpatrick has requested that this Court certify to the Maine Supreme Judicial

Court two questions of law. After being on the losing end of a motion for summary judgment

based upon my conclusion that Fitzpatrick's claim was time barred under the two-year statute of

limitations applicable to the Maine Franchise Laws, 10 M.R.S. § 1369, Fitzpatrick wants me to

certify the question of whether the cause of action in a franchise dispute accrues only on the

effective date contained within a written termination notice. Fitzpatrick wants this initial

question certified because the Law Court has never definitively answered the question of

whether the cause of action under the statute normally accrues when written notice is received or

when the termination becomes effective.

Fitzpatrick filed his complaint in state court in September 2008, within two years of the

*effective* date of the written notice of termination he received some weeks earlier. However, the

summary judgment record established that Fitzpatrick received actual notice of the termination

and suffered a cognizable injury in March of 2006 when the defendant refused to provide him

with any further APU units for resale. He claims to have lost a number of sales because of the

defendant's refusal to sell him any more units between March and September, 2006. As I indicated in the Memorandum of Decision, Maine law is well established that a cause of action accrues when the plaintiff sustains a judicially cognizable injury. In the mine run of franchise law cases, where the plaintiff suffers no injury until the written notice of termination becomes effective, the question of law plaintiff wants answered presents a close question. However, this case's unique facts remove it from that class of cases. Section 1369 is not an ambiguous statute. It plainly states that the action "must be commenced within 2 years after the cause of action accrues." Id. The term "accrues" is a legal term of art that has an established common law meaning. The Maine Legislature did not peg accrual to either the formal written notice receipt date or the effective date of termination stated in the written notice. In the absence of a contrary indication by the Legislature, I have simply applied the well-worn, common law meaning of "accrues." The Law Court has long pegged the time of accrual at "the time the plaintiff sustains a judicially cognizable injury." Chiapetta v. Clark Assocs., 521 A.2d 697, 699 (Me. 1987).

The second question that Fitzpatrick wants certified relates to the ultimate question of whether his relationship with Teleflex came within the Maine Franchise Laws in any event. That determination requires a fact-specific analysis based upon the community of interest, or lack thereof, between Fitzpatrick and Teleflex. This case did not involve a written franchise agreement and, thus, in order to determine whether a franchisee/franchisor relationship existed, the entire relationship would have to be analyzed in a fact-specific context. This question, in the context of this case, is not the sort of determinative question of law that could be properly certified to the Maine Law Court. And, furthermore, this question would only be answered if the first question was also certified, a proposition I have rejected.

The motion for certification of determinative questions of law is denied.

***So Ordered.***

March 28, 2011                                /s/ Margaret J. Kravchuk
                                             U.S. Magistrate Judge